Law Offices Of P. Randall Noah
P. Randall Noah, SBN 136452
8 Camino Encinas, Suite 220
Orinda, CA 94563
Tel. (925) 253-5540
Fax. (925) 253-5542

Attorney for Plaintiff,
Rita Richcreek

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA RICHCREEK, WHA | CASE NO. C07-05730 |
| Plaintiff, | COMPLAINT 29 USC §1132(a)(1)(B) |
| vs. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |
| _____/ | |

PLAINTIFF, RITA RICHCREEK, ALLEGES AS FOLLOWS:

**JURISDICTION**

1.   This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §§1001 et seq., and more particularly 29 USC §1132(a)(1)(B) thereof.  This court has jurisdiction under 29 USC §1132(f), which grants to the federal courts concurrent jurisdiction to determine claims under 29 USC §§1001 et seq.

2. Venue is proper under 29 USC §1132(g) in that the breach described below occurred within the territorial

limits of the above-titled court, and defendant, Unum Life Insurance Company of America, does business in San Francisco, California.

3. Plaintiff was at all times herein mentioned a resident of Tiburon, California.

4. Plaintiff is informed and believes that Defendant, Unum Life Insurance Company of America, and at all times herein mentioned was, a Maine corporation, with its principal place of business in Portland, Maine.

**ALLEGATIONS CONCERNING RELIEF SOUGHT**

5. On or about August 27, 2003, plaintiff Rita Richcreek's disability, caused by complications stemming from colorectal cancer, cervical cancer and colorectal surgery and hysterectomy in May 2001, began while she was employed as a Channel Supplies Representative with Marketsource Corporation, resulting in a permanent and total disability from her employment, and precluding her, due to her physical limitations, from any full time, gainful employment, since August 27, 2003 to present. Plaintiff remained continuously disabled from her work, with her condition continuing to worsening due to incontinence, diarrhea, fatigue and depression. Her

doctors have consistently determined that Ms. Richcreek has been permanently and totally disabled from not only her own occupation, but from any full time employment. Plaintiff's treating physicians' opinions remains the same today.

2.

Complaint

6.   When plaintiff was determined to be permanently disabled in April 2003, there was in existence for all Marketsource employees, including the plaintiff, a certain long term disability insurance plan through Unum Life Insurance Company of America, and administered by Unum Life Insurance Company of America.

7.   The long term disability insurance plan was to provide disability payments to any employee covered by the plan, including plaintiff, who suffered a total disability.

8.   Plaintiff's colorectal and cervical cancer and associated surgeries led to a total disability from her occupation as a channel supplies representative for Marketsource, as determined by her medical doctors, and she applied for benefits under the long term disability insurance plan administered by defendant.  Plaintiff's application for benefits was based on the opinion of plaintiff's treating physicians that she could not return to work in her former occupation, and subsequently, any occupation in a full time capacity.

9.    Plaintiff's personal physician stated that plaintiff was in fact disabled from returning to work in sales for Marketsource, and any other job which would require physical activity with long periods of sitting or standing, heavy lifting, driving and nearly any other physical activity without frequent rest.

10.    Plaintiff accordingly applied for benefits under

3.

Complaint

defendant's long term disability plan, and eventually received benefits from the end of the qualifying period in July 2003 until July 2005, when benefits were terminated. Plaintiff additionally applied for and received Social Security Disability benefits, which are continuing, based on their determination that plaintiff is not employable in any occupation.  Plaintiff appealed defendant's decision in accord with the requirements of her policy, and that appeal was denied by defendant on May 15, 2007.  No payments have been received by plaintiff under the Unum Life Insurance Company of America long term disability plan since back benefits were granted for the period July 2003 through July 2005.

11.    The relevant portions of the Unum long term disability insurance policy read as follows:

"'Disability' and 'disabled' mean that because of injury or sickness:

1. The insured cannot perform each of the material duties of his regular occupation; and

2. After benefits have been paid for 24 months, the insured cannot perform each of the material duties of any gainful occupation for which he is reasonably fitted, taking into consideration training, education, or experience, as well as prior earnings; or

3. The insured, while unable to perform all of the material duties of his regular occupation on a full-time basis, is:

    a. Performing at least one of the material duties of his regular occupation on a part-time basis; and

    b. Earning currently at least 20% less per month than his indexed pre-disability earnings due to that same injury or sickness,"

12. Defendant breached its obligation under the long term disability plan by denying coverage for plaintiff's disability payments when plaintiff met all of the above criteria set forth in the definition of "Disability", incorrectly substituting their own employees' and consultants' subjective determination of the nature and

4.

Complaint

degree of plaintiff's disability for the objective findings and conclusions of plaintiff's personal physicians.

13. Plaintiff at all times herein mentioned has performed all the terms and conditions of the Unum Life Insurance Company of America's long term disability plan on her part to be performed.

14. As a proximate result of defendant's failure and refusal to perform its obligations under the long term disability plan, plaintiff has been compelled to retain counsel to protect her rights under the plan, incurring legal fees and costs that are recoverable pursuant to 29 USC §1145.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1. For compensatory damages;
2. For costs of suit herein;
3. For reasonable attorney fees paid by plaintiff pursuant to 29 USC §1145;

    4. For such other and further relief as the court may deem proper.

DATED: November 6, 2007    Law Offices Of P. Randall Noah

    By: _____

    P. Randall Noah
    Attorney for Plaintiff,
    Rita Richcreek