**RIMAC & MARTIN, P.C.**
JOSEPH M. RIMAC - State Bar No. 72381
ANNA M. MARTIN - State Bar No. 154279
amartin@rimacmartin.com
1051 Divisadero Street
San Francisco, California 94115
Telephone (415) 561-8440
Facsimile (415) 561-8430

Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY
OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

E-FILING

| | |
|---|---|
| RITA RICHCREEK, an individual, | CASE NO. C 07-05730 WHA |
| Plaintiff, | |
| vs. | DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT [29 U.S.C. § 1132(a)(B)] |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

COME NOW Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM") in answer to Plaintiff's Complaint Under ERISA ("plaintiff's complaint"), respond, state, and aver as follows:

1. Answering paragraph 1 of plaintiff's complaint, UNUM admits that plaintiff's claims arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C., Sections 1001 et seq. and more particularly, 29 U.S.C. Section 1132(a)(1)(B). UNM further admits that this Court has jurisdiction. Save and except as expressly admitted herein, UNUM denies each and every remaining allegation contained in paragraph 1 of plaintiff's complaint

2. Answering paragraph 2 of plaintiff's complaint, UNUM admits that venue is proper. Save and except as expressly admitted herein, UNUM denies each and every remaining

-1-

UNUM'S ANSWER
TO PLAINTIFF'S COMPLAINT                                          CASE NO. C 07-05730 WHA

1 allegation contained in paragraph 2 of plaintiff's complaint.

2     3.    Answering paragraph 3 of plaintiff's complaint, UNUM is without sufficient information or belief to either admit or deny the allegations contained in paragraph 3 of plaintiff's complaint and on the basis denies the same.

    4.    Answering paragraph 4 of plaintiff's complaint, UNUM admits that it is a corporation organized and existing pursuant to the laws of the State of Maine. UNUM further admits that its principal place of business is in Portland, Maine. Save and except as expressly herein, UNUM denies each and every remaining allegation contained in paragraph 4 of plaintiff's complaint.

    5.    Answering paragraph 5 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 5 of plaintiff's complaint.

    6.    Answering paragraph 6 of plaintiff's complaint, UNUM admits that Marketsource Corporation created an employee benefit plan through the purchase of group long term disability insurance from UNUM for its eligible employees as a benefit of employment. UNUM further admits that it is the claims review fiduciary and administrator of the plan. Save and except as expressly admitted herein, UNUM denies each and every remaining allegation in paragraph 6 of plaintiff's complaint.

    7.    Answering paragraph 7 of plaintiff's complaint, UNUM admits that the long term disability plan provided disability benefits to eligible, covered participants. UNUM states that plaintiff is not eligible for additional benefits. Save and except as expressly admitted herein, UNUM denies each and every remaining allegation contained in paragraph 7 of plaintiff's complaint.

    8.    Answering paragraph 8 of plaintiff's complaint, UNUM admits that plaintiff filed a claim seeking long term disability benefits from UNUM claiming that she was disabled as of April 24, 2003. Save and except as expressly admitted herein, UNUM denies each and every remaining allegation contained in paragraph 8 of plaintiff's complaint.

    9.    Answering paragraph 9 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 9 of plaintiff's complaint.

10. Answering paragraph 10 of plaintiff's complaint, UNUM admits that plaintiff applied for long term disability benefits and received long term disability benefits from July 2003 through July 2005. UNUM further admits that it has not paid long term disability benefits to plaintiff for any time after July, 2005. Save and except as expressly admitted herein, UNUM denies each and every remaining allegation.

11. Answering paragraph 11 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 11 of plaintiff's complaint.

12. Answering paragraph 12 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 12 of plaintiff's complaint.

13. Answering paragraph 13 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 13 of plaintiff's complaint.

13. Answering paragraph 14 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 14 of plaintiff's complaint.

14. Answering plaintiff's prayer for judgment, paragraphs 1 through 4, UNUM denies that plaintiff is entitled to additional benefits under the LTD Plan, denies that plaintiff has been damaged in the amount alleged, in any amount, or at all, denies that plaintiff is entitled to compensatory damages, costs of suit, and/or attorney's fees incurred herein, and further denies that plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's purported claim for relief fails to state facts sufficient to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the LTD Plan.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is not entitled to any further benefits under the LTD Plan at issue.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's claims against defendants arise solely under ERISA. Therefore, plaintiff's rights and remedies are limited solely to those afforded under ERISA.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff has failed to mitigate her alleged damages, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has failed to perform all of her obligations under the LTD Plan at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

8. The decision on plaintiff's claim was neither arbitrary nor capricious.

**NINTH AFFIRMATIVE DEFENSE**

9. No act or omission of defendants constitutes the proximate or legal cause of any of plaintiff's damages, if any, because, amongst other things, the terms of the alleged contract of insurance did not allow for payment of the claimed benefits.

**TENTH AFFIRMATIVE DEFENSE**

10. Any alleged damage suffered by plaintiff was in no way caused by, or the result of, any fault, act or omission by defendants, but was caused by circumstances, persons, and/or entities for which and/or whom defendants are not and may not be held responsible, including plaintiff, and for which defendants cannot be held liable.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's conduct bars, estops and/or constitutes a waiver of the claims asserted in plaintiff's complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claims for relief are barred by the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. While denying any liability to plaintiff, there is no "vesting" of benefits under the

policy, and any claim for benefits based on an alleged continuing disability must be supported by proof of such continuing disability. Benefits cannot be awarded prospectively.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff failed to exhaust her administrative remedies prior to filing suit.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. UNUM Life Insurance Company of America is an improper defendant in that ERISA permits suits to recover benefits only against the Plan as an entity. *Everhart v. Allmerica*, 275 F.3d 751 (9th Cir. 2001).

UNUM reserves the right to assert additional affirmative defenses should they become aware of additional defenses during the course of this litigation, as set forth in Federal Rules of Civil Procedure, Rule 8.

**WHEREFOR**, UNUM prays for judgment as follows:

1 That plaintiff take nothing by reason of her complaint; and,

2. For such other and further relief as the Court deems just and proper.

RIMAC & MARTIN, P.C.

DATED: January 1, 2008     By:     /s/ ANNA M. MARTIN
ANNA M. MARTIN
Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY OF AMERICA