LAW OFFICES OF P. RANDALL NOAH
P. RANDALL NOAH – State Bar No. 130892
8 Camino Encinas, Suite 200
Orinda, California 94563
Telephone (925) 253-5440
Facsimile: (925) 253-5442

Attorneys for Plaintiff
RITA RICHCREEK

**RIMAC & MARTIN, P.C.**
JOSEPH M. RIMAC - State Bar No. 72381
ANNA M. MARTIN - State Bar No. 154279
amartin@rimacmartin.com
1051 Divisadero Street
San Francisco, California 94115
Telephone (415) 561-8440
Facsimile (415) 561-8430

Attorneys for Defendants
UNUM LIFE INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

*E-FILING*

| | |
|---|---|
| RITA RICHCREEK, | CASE NO. C07–05730 WHA |
| Plaintiff, | |
| vs. | JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

**A. Joint Statement of Facts**

This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §§1001 et seq., and more particularly 29 USC §1132(a)(1)(B) thereof. This court has jurisdiction under 29 USC §1132(f), which grants to the federal courts concurrent jurisdiction to determine claims under 29 USC §§1001 et seq.

On or about August 27, 2003, plaintiff Rita Richcreek's claims that her disability, caused

by complications stemming from colorectal cancer, cervical cancer and colorectal surgery and hysterectomy in May 2001, began while she was employed as a Channel Supplies Representative with Marketsource Corporation, resulted in a total disability from her employment.

Plaintiff was covered under a long term disability insurance plan through UNUM Life Insurance Company of America, and administered by UNUM Life Insurance Company of America. Plaintiff received benefits from the end of the qualifying period in July 2003 until July 2005, when UNUM determined that no further benefits were payable. Plaintiff contends that she is totally and permanently disabled and entitled to further disability benefits. Plaintiff appealed UNUM's decision, and the appeal was denied. This lawsuit followed.

**B. Principal Issues**

1. The proper standard of review in this ERISA governed action. Plaintiff contends the standard of review will be de novo. UNUM contends that proper standard of review is arbitrary and capricious.

2. Medical Issue. Plaintiff contends her continuing disability is due to a physical condition. Defendant contends that any continuing disability is due solely to a mental condition, depression, and therefore subject to the two year benefit limitation, which has already been paid.

3. There are no issues with respect to service, jurisdiction or venue.

4. All parties have been served and appeared.

5. There are no additional claims to be added.

**C. Alternative Dispute Resolution**

The parties have agreed to private mediation with Mr. David Meadows. The parties will complete private mediation within 60 days. Date by which ADR is to be completed: _____.

**D. Consent to Jurisdiction By A Magistrate Judge**

Plaintiff consents to jurisdiction by a Magistrate. Defendant does not consent to jurisdiction by a Magistrate.

**E.     Disclosures**

1.      Plaintiff has disclosed the following persons:

Rita Richcreek, Francesca Ledoux, Elaine Fermanis, Jeremy Moreau, Dr. Shoenbrun, Dr. Terdiman, Dr. Gordon, Dr. Cushing, Dr. Howard, And Dr. Goldman. Defendant contends that the evidence is limited to the administrative record as it existed at the time the written decision after appeal was issued.

2.      Documents:

Plaintiff and defendant have disclosed the administrative record (claim file). There are no additional documents at this time. The insurance policy is part of the administration record.

3.      Damages:

Plaintiff contends she is entitled to long term disability benefits from July, 2005 to present and continuing, minus an offset for social security disability benefits. The monthly benefit amount is $1,900. Social Security Disability payments are $1,183 per month. Accordingly, $22,944 in back benefits is payable, and continuing benefits of $717 per month.

**F.     Motions**

Dispositive motions following ADR are anticipated, based on the standard of review. The last day to file Dispositive motions is: _____

**G. Discovery**

No discovery is anticipated at this time. Defendant contends no further discovery is allowed under ERISA regulations and the matter will be decided on the administrative record. Plaintiff agrees to withhold any discovery request until after the mediation of this matter. Plaintiff contends depositions of the treating physician, defendant's medical reviewer and the claim representative are allowable. A motion with respect to the depositions is anticipated in the event any deposition notice is sent to defendant. The parties request discovery remain open for 90 days following the last day to mediate this matter.

1 | The last date to file discovery motions is: _____

2 | Discovery closes on: _____

### H. Pretrial and Trial Schedule

The parties request trial be set in this matter at least 180 days from the CMC date. The trial is anticipated to be one day, or less. This matter will be a non-jury trial pursuant to ERISA.

1. Trial date: _____

2. Anticipated length of trial: one day

3. Type of trial: Court

4. Final pretrial conference date: _____

5. Date required for filing the joint pretrial conference statement and proposed pretrial order required by Civ. L.R. 16-9(b), complying with the provisions of Civ. L.R. 16-8(b)(7)-(10) and such other materials as may be required by the assigned judge: _____

6. Date for filing objections under Civ. L.R. 16-8(b)(11)(objections to exhibits or testimony): _____

7. Deadline to hear motions directed to the merits of all or part of the case: _____

8. Date of the next case management conference: _____

Note: Lead trial counsel who will try this case shall meet and confer at least 30 days prior to the pretrial conference for the purposes of Civ. L.R. 16-9(a) which includes preparation of the joint pretrial conference statement and all other materials required by section H.5 above. Lead trial counsel shall also be present at the pretrial conference. (See Fed.R.Civ.P. 16(d))

### I. Other Matters

There are no other matters to be determined by the Court at this time.

### J. Identification And Signature Of Lead Trial Counsel.

Plaintiff:

Dated: February 14, 2008                    Respectfully submitted,

LAW OFFICES OF P. RANDALL NOAH

By:  /s/ **P. RANDALL NOAH**
P. RANDALL NOAH
Attorneys for Plaintiff
RITA RICHCREEK

Defendant:

RIMAC & MARTIN, P.C.

By:  /s/ **ANNA M. MARTIN**
ANNA M. MARTIN
Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY
OF AMERICA

**CASE MANAGEMENT ORDER**

The court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to the conference.

The foregoing joint statement as amended is adopted by this court as the Case Management Order in this action in accordance with Civil Local Rule 16 and other applicable Local Rule, and shall govern all further proceedings in this action.

IT IS SO ORDERED.

DATED:                                                    _____
                                                          United States District Judge